This is an indictment under the search and seizure law, charging the defendant with having intoxicating liquors in his possession for the purpose of sale.
The only witness offered by the State was George W. Flynt, who testified that on 23 November he had a warrant against the defendant for having in his possession liquor for the purpose of sale, and in company with another officer went to the house of the defendant, south of Winston-Salem, and found that the defendant was not at home, but his wife was there, and he notified the defendant's wife that he wished to make a search for liquors. That he found on the premises of the defendant one jug containing one gallon of liquor and a number of small bottles containing about one-half gallon. In addition to the liquor, he found a number of empty bottles, a rubber tube and several tin vessels, about which he noticed the smell of whiskey. He further testified that he took possession of the spirits and tin vessels, including an empty keg, and in company with the officer who went with him started back to Winston-Salem. On his way back he met the defendant in a buggy with one Sam Reid. That he asked the defendant if he had any liquor in the buggy with him, and the defendant said he had a pint, and upon (439) searching the buggy he found three pint bottles, but the defendant claimed that two of the pints belonged to Sam Reid, which Reid denied.
The State closed the evidence, and the defendant offered no evidence. *Page 387 
His Honor charged the jury that having possession of a gallon of liquor, or more, is evidence that the defendant had it for sale, and while this is true, the State must satisfy the jury beyond a reasonable doubt that the defendant had said liquor in his possession for the purpose of sale, and not merely for his own private use.
The defendant excepted. Jury rendered a verdict of guilty, with recommendation, towit, mercy of the court, and his Honor sentenced the defendant to six months to the county jail to be worked on the county roads. The defendant excepted.
The defendant moves in arrest of judgment in this Court for that the indictment fails to negative the exception in the statute that the defendant is a druggist or the keeper of a medical depository.
His Honor was in error in charging that the possession of one gallon of liquor was evidence that the defendant had it for sale, as the statute only gives this effect to the possession of liquor when the quantity exceeds one gallon in some degree; but this could not have affected the verdict, as all the evidence showed that he had one gallon and three pints at home and one pint in his buggy.
The language of the statute is, "The possession of more than one gallon of spirituous liquors at one time, whether in one or more places," shall constitute prima facie evidence, etc.
The questions raised by the motion in arrest of judgment have been decided adversely to the defendant in S. v. Moore, ante, 284.
No error.
Cited: S. v. Baldwin, 178 N.C. 697.
(440)